On March 20, 1996, appellant, Rose Barker, and appellee, Traci Gibson, were involved in an automobile accident. The next day, appellant experienced neck and back pain. On March 23, 1998, appellant, together with her husband, David Barker, filed a complaint against appellee for negligence and damages due to appellant's injuries.
On April 15, 1995, appellee filed a motion to dismiss claiming lack of jurisdiction for failure to meet the applicable statute of limitations. By judgment entry filed May 15, 1998, the trial court granted said motion and dismissed the case.
Appellants filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE LOWER COURT ERRED, AS A MATTER OF LAW, IN DISMISSING THE PLAINTIFF'S PERSONAL INJURY COMPLAINT WHICH WAS FILED WITHIN TWO (2) YEARS AFTER THE DATE THAT PLAINTIFF DISCOVERED HER INJURY.
 I
Appellants claim the trial court erred in dismissing their complaint for failure to meet the applicable statute of limitations. We disagree.
Pursuant to R.C. 2305.10, "an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues." Appellants concede they filed beyond the limitation, but argues the date of discovering the injury is the date that switches on the two year statute of limitations.[1] In support, appellants cite the case of O'Strickerv. Jim Walter Corp. (1983), 4 Ohio St.3d 84, paragraph two of the syllabus:
 When an injury does not manifest itself immediately, the cause of action does not arise until the plaintiff knows or, by the exercise of reasonable diligence should have known, that he had been injured by the conduct of defendant, for purposes of the statute of limitations contained in R.C. 2305.10.
The O'Stricker opinion specifically addressed whether the "discovery rule" added to the 1980 amendment of R.C. 2305.10
applied retroactively to events prior to 1980. The pre-1980 statute stated " '[a]n action for bodily injury or injuring property shall be brought within two years after the cause thereof arose.' " O'Stricker at 86. The 1980 amendment added the following proviso:
 'For purposes of this section, a cause of action for bodily injury caused by exposure to asbestos or to chromium in any of its chemical forms arises upon the date on which the plaintiff is informed by competent medical authority that he has been injured by such exposure, or upon the date on which, by the exercise of reasonable diligence, he should have become aware that he had been injured by the exposure, whichever date occurs first.'
 O'Stricker at 86.
A reading of O'Stricker leads us to the conclusion the Supreme Court of Ohio was not extending the discovery rule to personal injury automobile cases. The dicta at 90 clearly analyzes previous decisions on the need to extend the discovery rule to asbestos cases:
 Moreover, we are instructed by the General Assembly which in its 1980 amendment adopted a 'discovery rule' defining a cause to arise at discovery of the injury and discovery of the cause thereof. In the interest of uniform treatment of all asbestos-related bodily injury claims, the rule we adopt today should contain equivalent standards.
 In Melnyk, supra, this court adopted a 'discovery rule' tolling the statute of limitations in medical malpractice cases where a patient discovers a surgeon has negligently left foreign bodies inside his body during surgery. Again, this is a two-part rule, requiring both discovery of the foreign body and the cause thereof. We find latent disease analogous to a hidden instrument left in the body of an unsuspecting patient, and believe a similar rule should apply to each.
The concurring opinion by Justice Locher sheds further light on the restriction of the discovery rule to asbestos cases as opposed to personal injury automobile cases.
Appellant sub judice knew she was involved in an automobile accident on March 20, 1995. In a police report written at the scene and filed in the record on April 30, 1998, appellant stated she felt "stiff and shaky." There can be no doubt that at the time of the accident, appellant knew "by the exercise of reasonable diligence" when the cause of action arose. To extend the discovery rule to all bodily injury claims other than products liability/exposure claims would thwart the purpose and spirit of the statute of limitations. Parties would never have an assurance of when the statute would be applicable. To accept appellant's argument would create a forever moving window for the accrual of a cause of action dependent solely on the plaintiff's acts.
Upon review, we find the trial court did not err in dismissing the case.
The sole assignment of error is denied.
The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Hoffman, J. concurs separately.
--------------------
--------------------
 -------------------- JUDGES
[1] Appellants claim the injury was discovered on March 21, 1996, the day appellant's physician determined her neck and back pain were a direct result of the accident. Two years from that date was March 21, 1998, a Saturday. Appellants filed their complaint two days thereafter.